**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 15-cr-00149-JLK

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.     RAUL CARAVEO
**2.     PAMILA LUCERO,**
3.     SABRINA CARAVEO,
4.     EUGENE CHAVEZ,
5.     CAROLINA ARAGON, and
6.     CHRISTINA PORTILLOS,
7.     CONRAD ARCHULETA, and
8.     NANCY GUZMAN,

        Defendants.

---

**MOTION FOR IDENTIFICATION OF AND EVIDENTIARY HEARING
REGARDING ADMISSIBILITY OF CO-CONSPIRATOR  STATEMENTS**

---

The Defendant, Pamila Lucero, by and through  counsel, John Henry Schlie, hereby moves, pursuant to Rule 12(b), Federal Rules of Criminal Procedure, for the identification of co-conspirator statements sought to be admitted against Ms. Lucero pursuant to F.R.E. 801(d)(2)(E) and an evidentiary hearing to determine the admissibility of said statements.  In support of said Motion, Ms. Lucero would respectfully state to the Court as follows:

1.  Ms. Lucero has been charged in a 39 count Superseding Indictment with a violation of 18 U.S.C. § 286, Conspiracy to Defraud the Government With Respect to Claims, and 34 substantive counts of the violation of 18 U.S.C. § 287, False, Fictitious or Fraudulent Claims.

2.  It is anticipated that  statements of alleged co-conspirators may be offered as evidence against Ms. Lucero  pursuant to F.R.E. 801(d)(2)(E).

3.  Pursuant to F.R.E. 801(d)(2)(E), such statements are not admissible at trial unless the prosecution can show that the alleged conspiracy existed, the statement offered was made during the course of and in the furtherance of the conspiracy, and that both the declarant and the defendant were members of the conspiracy.

4.  The determination of admissibility under this hearsay exception must be made by the court and should be made outside the presence of the jury pursuant to Rules 104(a) and (c), Federal Rules of Evidence.  It is within the sound discretion of this Court whether to conduct a pretrial evidentiary hearing regarding the admissibility of co-conspirator statements.  Bourjaily v. United States, 483 U.S. 171 (1987); United States v. James, 590 F.2d 575 (5th Cir. 1978).  However, the Tenth Circuit has expressed a "strong preference" in favor of pretrial resolution of the admissibility of coconspirator hearsay, well in advance of the government's offering of the evidence at trial.  United States v. Peterson, 611 F.2d 1313, 1330-31 (10th Cir. 1979)(adopting the Fifth Circuit prophylaxes enunciated in James, supra.).

5.  In order for statements to be admitted under the co-conspirator hearsay exception, the Government must prove and the court must find, not only that a conspiracy exists in which the defendant participated, but also that the statement was made "in furtherance of the conspiracy"charged.  Bourjaily, 107 S.Ct. at

2778, 2782.  Although the court may consider the alleged co-conspirator statement in making these determinations, the court must keep in mind that "out-of-court statements are ... presumed unreliable," Id., 107 S.Ct at 2781, 2782, and should "give it [the hearsay statement] such weight as his judgment and experience counsel." Id. See, also, Dutton v. Evans, 400 U.S. 74 (1970); United States v. Ordonez, 722 F.2d 530 (9th Cir. 1983).  This requirement of proof by the Government and findings by the court are mandated not only by the Rules of Evidence but also by the Sixth Amendment's guarantee of the right to confrontation.  Id., 107 S.Ct. at 2782.

6.  Unless the court conducts a hearing prior to trial or, in the alternative, outside the presence of the jury, to determine the admissibility of such statements, there is a strong possibility that inadmissible hearsay will be heard and improperly considered by the jury in determining the guilt or innocence of Ms. Lucero, ultimately denying his right to a fair trial.  This would result in a substantial waste of judicial resources and require a new trial.

7.  There are no legally sufficient jury admonitions nor other corrective measures which this court can take to effectively protect Ms. Lucero from inadmissible hearsay and ensure that Ms. Lucero receives a fair trial.

8.  Ms. Lucero therefore moves that the Court order the government to identify those statements which it intends to introduce pursuant to F.R.E. 801(d)(2)(E) and to hold an evidentiary hearing in advance of trial to determine the issue of admissibility.

WHEREFORE, Ms. Lucero prays that this Court enter an order that the government  identify those statements which it intends to introduce pursuant to F.R.E. 801(d)(2)(E), set an evidentiary hearing in advance of trial to determine the issue of admissibility of those statements, and for such other and further relief as the Court may deem just and appropriate in the premises.

Respectfully submitted this13th day of November, 2015.

s/ John Henry Schlie
**John Henry Schlie**
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, Colorado 80111
Telephone: (303) 830-1616
FAX: (303) 333-4124
E-mail: johnhenry@schlielawfirm.com
ATTORNEY FOR DEFENDANT
PAMILA LUCERO

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2015, I electronically filed the foregoing **MOTION FOR IDENTIFICATION OF AND EVIDENTIARY HEARING REGARDING ADMISSIBILITY OF CO-CONSPIRATOR  STATEMENTS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Assistant United States Attorney Martha A. Paluch
martha.paluch@usdoj.gov

Martin Stuart, Esq.
mstuart@portmanstuart.com

Marci Gilligan, Esq.
gilligan@ridleylaw.com

Thomas Ward, Esq.
tward@wardlawdenver.com

Robert Pepin, Esq.
Robert_Pepin@fd.org

John Mosby, Esq.
john_mosby@msn.com

David Owen, Jr., Esq.
davidowen@lodopc.com

John F. Sullivan, III. Esq.
jfslaw1@aol.com


s/ John Henry Schlie
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, Colorado 80111
Telephone: (303) 830-1616
FAX: (303) 333-4124
E-mail: johnhenry@schlielawfirm.com
ATTORNEY FOR DEFENDANT
PAMILA LUCERO