IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. RAUL CARAVEO,
2. **PAMILA LUCERO**,
3. SABRINA CARAVEO,
4. EUGENE CHAVEZ,
5. CAROLINA ARAGON,
6. **CRISTINA PORTILLOS,**
7. CONRAD ARCHULETA, and
8. NANCY GUZMAN,

      Defendants.

---

**GOVERNMENT'S OPPOSITION TO DEFENDANTS LUCERO'S AND PORTILLOS'S MOTIONS FOR SEVERANCE [DOCS. 271 and 275]**

---

Defendants Lucero and Portillos have moved to sever their trials primarily on the grounds that they intend to present antagonistic defenses. A closer examination of their claims, however, reveals that the defenses described by Defendants Lucero and Portillos are not antagonistic in a manner that supports severance, and therefore, their motions should be denied.

**Defendant Lucero's Claims**

Defendant Lucero presents two main arguments for severance: first, she asserts that in Defendant Portillos's statement to Special Agent Romero, Defendant Portillos "strongly implied, if not directly state[d], that Ms. Lucero had access to the key

1

to her house and had entered it without her permission when she wasn't home to take, in effect steal, the Treasury checks." Doc. 271 at 3. In defense of this anticipated claim, Defendant Lucero asserts she "would be forced to impeach the testimony of Ms. Portillos." *Id.* at 7. Second, Defendant Lucero contends that it will be necessary for Defendant Portillos to explain the context of her statements in recorded calls with other co-defendants, which explanations will involve "information regarding child custody, child visitation, protective orders and other events that will be prejudicial to Ms. Lucero." *Id.* at 4.

### Defendant Portillos's Claims

Defendant Portillos asserts the following grounds for severance: 1) the evidence will show that she was "one of many friends whose addresses were used by Defendant Lucero," doc. 275 at 2, and that her testimony on this point and others will contradict statements made by Defendant Lucero, *id.* at 3; 2) her testimony may involve "Lucero's divorce, child custody, domestic protective orders, past criminal conduct, including past penal incarceration, mental health issues, and statements Lucero made to Portillos regarding other co-defendants," *id.*; and 3) joinder of their trials is not warranted because she is charged in 7 counts while Defendant Lucero is charged in 35 counts, and her involvement began two years after the conspiracy began. *Id.* at 5.

### Defendants Lucero and Portillos are Properly Joined for Trial

There can be no dispute that charges against all of the defendants in this case were properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure. This rule provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the . . . same series of acts or transactions"

2

constituting one or more offenses. Fed. R. Crim. P. 8(b). Rule 8(b) permits joinder of crimes arising out of a common scheme or plan and applies to substantive offenses as well as conspiracies. *Id.*

Indeed, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials play a vital role in the criminal justice system. *Id.* They promote efficiency and generally serve the interests of justice by "avoiding the scandal and inequity of inconsistent verdicts." *Id.*, quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). "It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." *Richardson,* 481 U.S. at 210. Particularly "in a conspiracy trial it is preferred that persons charged together be tried together." *United States v. Pursley*, 474 F.3d 757, 767 n.7 (10th Cir. 2007). Accordingly, Defendant Portillos's challenge to joinder must be denied.

### Defendants Lucero's and Portillos's Asserted Defenses are Not Mutually Exclusive, Antagonistic Defenses Justifying Severance

The claims set forth above are insufficient for this Court to exercise its discretion under Rule 14 of the Federal Rules of Criminal Procedure to sever this case and provide each defendant with a separate trial.

When defendants are properly joined under Rule 8(b), a severance under Rule 14 should only be granted if there is a serious risk that being tried jointly will compromise a specific right of one of the defendants or prevent the jury from making a

3

reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007), quoting *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984); *see also United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (a defendant cannot obtain severance simply by showing that evidence against a co-defendant is more damaging than the evidence against herself). In a case where defendants are charged together in common crimes, the preference becomes a presumption in favor of a joint trial. *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994).

Even if a defendant demonstrates possible prejudice from a joint trial, a trial court should first try to fashion another form of relief, such as a limiting instruction, to address such prejudice. *See Zafiro*, 506 U.S. at 538-539. Indeed, the Tenth Circuit's preferred remedy is a proper jury instruction. *See United States v. Wacker*, 72 F.3d 1453, 1467 (10th Cir. 1996); *United States v. Edwards*, 69 F.3d 419, 434-35 (10th Cir. 1995). This is based at least in part on the assumption, fundamental to our judicial system, that juries follow instructions. *See United States v. Jones,* 530 F.3d 1292, 1299 (10th Cir. 2008).

**A severance is not warranted on these facts**

Defendant Lucero claims that in her statement to Agent Romero, Defendant Portillos "strongly implied, if not directly stat[ed], that Ms. Lucero had access to the key to her house and had entered it, without her permission when she wasn't home to take, in effect steal, the Treasury checks." Doc. 271 at 3. However, Defendant Portillos stated that Defendant Lucero had a key to her home when Defendant Lucero watched

4

Defendant Portillos's house the weekend before Thanksgiving in 2012.  Transcript (attached to Doc. 271) at 21-22.  Defendant Portillos explained that after this weekend, when she couldn't find the key she had given Defendant Lucero, she then had to change her locks.  *Id.* at 36, 56-57.  Ten tax refund checks[1] resulted from returns which listed Defendant Portillos's Baltic Street address.[2]   All ten checks were issued by the IRS between April 23, 2010, and November 26, 2010, years prior to Defendant Portillos giving Defendant Lucero a key to her home in November of 2012.  When asked by Agent Romero whether Defendant Lucero watched Defendant Portillos's house "in 2010 for periods of time," Defendant Portillos answered, "No, more recently."  *Id.* at 14.  Defendant Portillos stated on numerous occasions that if she ever received what appeared to be a Treasury check, she "return[ed] to sender," or "trashed" them.  *Id.* at 11-12, 20-21, 22-23; 54-55; 78-79.  Defendant Portillos's statements to Agent Romero that Defendant Lucero did not watch her home in 2010, and that she (Defendant Portillos) returned refund checks to the IRS or trashed them, undercut Defendant Lucero's claim that Defendant Portillos will accuse Defendant Lucero of stealing refund checks from Defendant Portillos's home when Defendant Lucero had a key to Defendant Portillos's home.

Assuming arguendo that Defendant Portillos's statements to Agent Romero can nonetheless be construed as accusing Defendant Lucero of stealing refund checks from Defendant Portillos's home, a defendant's mere claim that her defense will conflict with the defense of a co-defendant is insufficient to support severance. *United States v. McClure*, 734 F.2d 484, 488 (10th Cir. 1984). Nor is "one defendant's attempt to cast

---

[1] Five additional refunds were generated from returns which listed Defendant Portillos's Baltic Street address, but those refunds were applied to non-IRS obligations.

5

blame on the other" itself sufficient to support severance. *Id. see also United States v. Peveto,* 881 F.2d 844, 857 (10th Cir. 1989) (same).

Rather, a court faced with a claim of antagonistic defenses should conduct a three-part inquiry: (1) determine whether the defenses presented are "so antagonistic that they are mutually exclusive"; *Pursley,* 474 F.3d at 765, quoting *Peveto,* 881 F.2d at 857; (2) determine whether there is a "serious risk that a joint trial would compromise a specific trial right" of one of the defendants, or "prevent the jury from making a reliable judgment about guilt or innocence", *id.*; and (3) if the first two criteria are met, the trial court must exercise its discretion and weigh the prejudice "to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Id.*

Defendants Lucero's and Portillos's claims fail at each step of this inquiry. First, there is no showing that the defenses presented will be so antagonistic as to be mutually exclusive. Defendant Portillos's defense is apparently that Defendant Lucero "used' her address, doc. 275 at 2, 6, while Defendant Lucero will "testify that she did not enter Ms. Portillos's home without permission." Doc. 271 at 3-4.  In her statement to Special Agent Romero, Defendant Lucero stated that she believed she was authorized to receive and cash refund checks because she allegedly possessed power of attorney forms from the alleged inmate taxpayer.  INT_00001051.  Given that both women are apparently alleging a lack of criminal intent, it is not necessary that "the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994) (citation omitted).  There is nothing about the claim by Defendant Portillos that Defendant Lucero used her address

---

[2] All of these checks, and returns, have been provided in discovery.

that necessarily suggests or requires a finding that Defendant Lucero committed the crimes charged.  Similarly, Defendant Lucero's claim that she did not enter Defendant Portillos's home without permission, doc. 271 at 3-4, does not require a finding that Defendant Portillos was acting criminally.  This scenario is analogous to that in *Dazey*, where a less culpable defendant believed in a fraudulent investment program at the same time that a more culpable defendant did, and the court held it would be "perfectly logical" for a jury to believe both.  *Dazey*, 403 F.3d at 1165   Acceptance of each defendant's claim would not tend to preclude the acquittal of the other defendant, *see Pursley*, 474 F.3d at 765-766, so severance is not warranted.  *See Peveto,* 881 F.2d 857 (the conflict between the defendants "must be so intense that there is a danger the jury will unjustifiably infer from the conflict alone that both defendants are guilty") (citations omitted).

The second inquiry also disfavors severance because Defendants Lucero and Portillos cannot show a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence.  Both defendants express concern that their joint trial will elicit information about Defendant Lucero's personal life, to include her divorce and child custody issues.  Such concerns do not warrant a severance, for the following reasons:

Defendant Lucero's custody arrangement will arise in this trial only under the following circumstances:

On July 31, 2010, Defendant Portillos traveled with Defendant Lucero to Delta for visitation with Defendant Lucero's son.  During the trip, co-defendant Raul Caraveo (Caraveo) called Defendant Lucero's cell phone and she told Caraveo that Defendant

Portillos was in the car.  Caraveo then told Defendant Lucero to tell Defendant Portillos "she's been a good worker so I'm gonna give her a little bonus."  DOC_00000581 (Discovery Disk #3, call on 7/31/10 at 1:06 p.m.).  Defendant Lucero relayed the message to Defendant Portillos, who responded, "I like bonuses."  *Id.*  Caraveo then directed Defendant Lucero to pay Defendant Portillos $250.  *Id.*

The government intends to offer this recorded call in its case-in-chief.  To establish it is Defendant Portillos in the car who had the above-referenced conversation with Caraveo, the government will seek to introduce other portions of the July 31, 2010 call which make clear the women are travelling to Delta for visitation with Defendant Lucero's son, along with Defendant Portillos's statement to Agent Romero that she "was the only person who was allowed to go with [Defendant Lucero] to have visitation with her son."  Transcript (attached to Doc. 271) at 5.  Other than for this limited purpose, undersigned counsel knows of no reason why any other details of Defendant Lucero's domestic litigation would be relevant to this case.  Neither defendant articulates how the fact Defendant Lucero had a custody arrangement with her ex-spouse impacts any of their specific trial rights, undercuts their claims of innocence, or prevents the jury from reliably and separately judging the guilt of Defendants Lucero and Portillos.

Similarly unpersuasive is Defendant Portillos's claim that her testimony "may involve Lucero's divorce, child custody, domestic protective orders, past criminal conduct, including previous penal incarceration, mental health issues, and statements Lucero made to Portillos regarding other co-defendants." Doc. 275 at 3.  Defendant Portillos makes no attempt to explain how she will be allowed to testify about Defendant

8

Lucero's domestic litigation,[3] past criminal conduct, or mental health issues. If Defendant Lucero chooses to testify, whether in a joint or separate trial, she will be subject to cross-examination by Defendant Portillos and the government about any qualifying prior criminal convictions and any statements she has made about co-defendants in this case to IRS agents and on recorded calls. In sum, neither defendant's speculation about issues that may arise if either or both defendants testify establishes a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about their guilt or innocence.

Given Defendant Lucero's and Portillos's failure to satisfy the first two inquiries, the Court need not even weigh any possible prejudice to them caused by joinder against the considerations of judicial economy. Without a showing of prejudice, the presumption for joint trials for conspirators charged together controls. *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989).

**Defendant Portillos Has No Unique Defenses Justifying Severance**

Defendant Portillos claims she is entitled to a severance in part because her charged conduct postdates the commencement of the conspiracy and Defendant Lucero is charged in more counts than Defendant Portillos. Doc. 275 at 4-5. She is mistaken. The Tenth Circuit has repeatedly rejected the argument that a severance is proper based on a potential disparity in the amount of evidence against different defendants. *See, e.g., Dazey*, 403 F.3d at 1165; *Wacker*, 72 F.3d at 1468; *United States v. Emmons*, 24 F.3d 1210, 1218-19 (10th Cir. 1994). The fact Defendant Portillos is charged in fewer counts than Defendant Lucero may work to her advantage

---

[3] The government explained above the limited relevance of Defendant Lucero's July 31, 2010 visit with her son in Delta, which visit was supervised by Defendant Portillos.

9

at trial. In any event, the Tenth Circuit's pattern jury instruction on this point instructs the jury that, "[t]he fact that another person may *also* be guilty is no defense to a criminal charge. The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged." Tenth Circuit Pattern Jury Instructions – Criminal, No. 1.19 (2011 ed.) (emphasis in original). Accordingly, Defendant Portillos's claim in this regard does not support her request for a severance.

## Conclusion

Neither Defendant Lucero nor Defendant Portillos have demonstrated that their defenses will be mutually exclusive, antagonistic defenses to each other, or that they will otherwise be prejudiced by being tried together. The Court should apply the presumption in favor of joint trials for co-conspirators charged together and deny Defendant Lucero's Motion for Severance (Doc. 271) and Defendant Portillos's Motion to Severance (Doc. 275).

Respectfully submitted this 4th day of December, 2014,

JOHN F. WALSH
United States Attorney

BY: *s/Martha Paluch*
MARTHA A. PALUCH
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0402
Email: martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. John Mosby
Counsel for Cristina Portillos
john_mosby@msn.com

Mr. John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Mr. Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

Mr. David Owen
Counsel for Conrad Archuleta
davidowen@lodopc.com

Mr. Martin Stuart
Counsel for Raul Caraveo
mstuart@portmanstuart.com

Ms. Marci Gilligan LaBranche
Counsel for Sabrina Caraveo
labranche@ridleylaw.com

Mr. Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Mr. John Sullivan
Counsel for Nancy Guzman
jfslaw1@aol.com

*s/ Mariah Tracy*
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0402
Email: mariah.tracy@usdoj.gov

11