IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

  2. PAMILA LUCERO,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, and the Defendant, Pamila Lucero, personally and by counsel, John H. Schlie, hereby submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I. PLEA AGREEMENT

The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, charging a violation of Title 18, United States Code, Section 286, Conspiracy to File False Claims for Refund. The defendant agrees to pay restitution to the Internal Revenue Service (IRS) in an amount to be determined at sentencing. The defendant also agrees that her sentencing hearing will take place after the trial, or change of plea hearing, of her co-defendant Cristina Portillos.

The government agrees to not file any additional charges against the defendant based on the information presently known to the government. In addition, the



COURT EXHIBIT
1
15-cr-00149

government agrees that at the time of sentencing it will move to dismiss the remaining counts in the Superseding Indictment with respect to this defendant only.  Provided the defendant does nothing inconsistent with accepting responsibility between the date of her plea and the date of sentencing, the government agrees to recommend a three-level reduction for acceptance of responsibility.

The government agrees that at least a two-level variance is warranted based upon diminished capacity pursuant to U.S.S.G. § 5K2.13.  It will determine its position with respect to any additional arguments that the defendant advances in support of a variant sentence and will take a position with respect to such arguments, at the time of sentencing.

This agreement is submitted to the Court for its consideration pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 17; or (3) the government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II.   ELEMENTS OF THE OFFENSE

In order to be convicted of a violation of 18 U.S.C. § 286, Conspiracy to File False Claims for Refund, the following elements would have to be proven by the government beyond a reasonable doubt:

*First*:  The Defendant agreed with at least one other person to obtain or aid in obtaining the payment or allowance of any false, fictitious, or fraudulent claim;

*Second*:  The Defendant knew the essential objective of the conspiracy;

*Third*:  The Defendant knowingly and voluntarily participated; and

*Fourth*:  There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

*Tenth Circuit Pattern Jury Instructions (Criminal Cases)*, § 2.19 (2011 ed.) (modified for § 286 and to remove overt act requirement); *United States v. Dedman*, 527 F.3d 577, 594 n.7 (6th Cir. 2008) (holding that § 286 has no overt act requirement); *United States v. Lanier*, 920 F.2d 887, 892 (11th Cir. 1991) (same).

### III. STATUTORY PENALTIES

The maximum statutory penalty for a conviction of Title 18, United States Code, Section 286, is as follows: not more than 10 years of imprisonment; a fine of not more than twice the financial gain, or $250,000.00, whichever is greater; not more than 3 years of supervised release; and a $100.00 special assessment fee. If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

The conviction may further cause the loss of certain civil rights, including, but not limited to, the right to possess a firearm, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have

stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the government's evidence would be as follows:

The date on which relevant conduct began was in April 2008. In that month, co-defendant Raul Caraveo (Caraveo) was detained in the Pueblo County Jail on charges related to a tax fraud scheme. He pled guilty to certain of these charges in September of 2008 and was later incarcerated at the Sterling Correctional Facility (SFC) on this conviction. During his incarceration in the Pueblo County Jail and later at SFC, Caraveo orchestrated and carried out a second, nearly identical tax refund scheme with the assistance of fellow SCF inmates and co-defendants Eugene Chavez and Conrad Archuleta. Caraveo was also assisted by the defendant Pamila Lucero, his wife co-defendant Sabrina Caraveo, his friend and co-defendant Carolina Aragon, co-defendant Nancy Guzman, and others.

The scheme was carried out in the following manner:  Caraveo obtained identifying information (names, dates of birth, social security numbers) from Colorado Department of Corrections (DOC) inmates he was incarcerated with and in some instances, the inmates' family members. The identifying information was used by Caraveo and other inmates to generate false Forms 1040A. All returns requested a tax refund that was generated by the Earned Income Tax Credit (EITC). Returns were filed for the tax years 2006 through 2013 and contained similar wages, deductions, EITC credits, and refund amounts for each year respectively. The only differing information

-5-

per year was the primary and dependent's identifying information and the amount requested.

Caraveo and other inmates working with him mailed tax returns to the defendant, Sabrina Caraveo, and Carolina Aragon. These women provided addresses to add to the returns for receipt of the refund checks and mailed the returns to the IRS. Co-defendant Nancy Guzman and others allowed their addresses to be used for receipt of the refund checks.

In recorded prison calls and through the mail, Caraveo provided the defendant and co-defendants Sabrina Caraveo and Carolina Aragon with information to add to the returns and told them to call the IRS 1-800 number to check on the status of refund checks. The defendant, Sabrina Caraveo, Carolina Aragon, and Nancy Guzman cashed the refund checks or arranged for others to cash the checks. Caraveo then instructed the defendant and these co-defendants on how to distribute the money. The defendant and these co-defendants wire transferred money to Caraveo and other inmates' prison accounts, as well as to co-defendants Eugene Chavez and Conrad Archuleta's prison accounts.

Between May 2008 and May 2014, 259 false Form 1040A tax returns were mailed to the IRS from addresses located with the State and District of Colorado as part of this conspiracy.

**SENTENCING COMPUTATION AND 3553 ADVISEMENT**

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed,

the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The appropriate Guideline is §2B1.1 . The base offense level is 6.

B. The government contends there is an 14-level increase pursuant to §2B1.1(b)(1)(H) (intended loss of more than $550,000 but less than $1,500,000). The defendant believes the loss amount attributable to her is less than $550,000, warranting a 12-level increase pursuant to §2B1.1(b)(1)(G).

C. The government contends a 2-level increase is warranted pursuant to §3B1.1(c) (organizer or leader of criminal activity). The defendant maintains this enhancement does not apply.

D. The government agrees that at least a two-level decrease in the offense level is warranted pursuant to §5K2.13.

E. The adjusted offense level according to the government is 20. According to the defendant, the adjusted offense level is 16.

F. Pursuant to §3E1.1(a) and (b), provided the defendant does nothing inconsistent with accepting responsibility between the date of her plea and the date of sentencing, the defendant should receive the full three-level reduction for acceptance of responsibility. The resulting total offense level under the

government's calculation would be 17. Under the defendant's calculations, the total offense level would be 13.

G. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is ultimately determined by the Court. The government has tentatively estimated the defendant's criminal history category to be Category III. The defendant intends to challenge her criminal history category.

H. Assuming the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

I. The guideline range resulting from the government's calculations of an estimated total offense level of 17, and the tentative Criminal History Category III, is 30-37 months. The guideline range resulting from the defendant's calculations of an estimated total offense level of 13, and the tentative Criminal History Category II, is 15-21 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level could conceivably result in a range from 12 months (bottom of Category I with defendant's offense level of 13) to 63 months (top of Category VI with government's offense level of 17).

J. Pursuant to guideline §5E1.2, assuming the government's estimated offense level of 17 is accurate, the fine range for this offense would be between $10,000 and $95,000, plus applicable interest and penalties. Assuming the defendant's

estimated offense level of 13 is accurate, the fine range for this offense would be between $5,500 and $55,000, plus applicable interest and penalties.

K. Pursuant to §5D1.2(a)(2), if the court imposes a term of supervised release, that term shall be not more than three years. The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

L. The defendant agrees to pay to restitution to the IRS in an amount to be determined at sentencing.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

## VI.    ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the

defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 2/22/2016

_____
Pamila Lucero
Defendant

Date: 2/22/2016

_____
John H. Schlie
Attorney for Defendant

Date: 2/24/16

_____
Martha A. Paluch
Assistant U.S. Attorney